**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLOMON FELDMAN, Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GLOBAL MANAGEMENT, INC., MARC ROWAN, and LEON BLACK,<br><br>Defendants. | **Case No. 1:26-cv-01692-ALC** |
| RICHARD PEREZ, Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GLOBAL MANAGEMENT, INC., MARC ROWAN, and LEON BLACK,<br><br>Defendants. | **Case No. 1:26-cv-03550** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S**
**MOTION FOR CONSOLIDATION OF RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF, AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s):

I.    PRELIMINARY STATEMENT ......................................................................................... 1

II.   PROCEDURAL BACKGROUND.................................................................................... 2

III.  FACTUAL BACKGROUND............................................................................................ 3

IV.   ARGUMENT ..................................................................................................................... 5

    A.    The Court Should Consolidate the Related Actions ............................................. 5

    B.    MSPERS is the Presumptive "Most Adequate Plaintiff" and the Court
          Should Appoint It Lead Plaintiff........................................................................... 6

        1.    MSPERS Filed a Timely and Procedurally Complete Motion for Lead Plaintiff .......... 6

        2.    MSPERS Has the Largest Known Financial Interest in the Relief Sought .................... 7

        3.    MSPERS "Otherwise Satisfies" the Prima Facie Requirements of Rule 23 ................. 8

    C.    MSPERS' Claims Are Typical of the Claims of All the Class Members.......................... 8

    D.    MSPERS Will Adequately Represent the Class ................................................... 9

    E.    The Court Should Approve MSPERS' Choice of Lead Counsel ....................................... 9

V.    CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Hoare v. Oddity Tech Ltd.*,
No. 24-cv-06571, 2024 WL 4987089 (S.D.N.Y. Dec. 5, 2024) ................................................ 8

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) .......................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................... 5

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990).............................................................................................. 5

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................... 5

*Khan v. Lockheed Martin Corp.*,
No. 25-cv-06197, 2025 WL 2992513 (S.D.N.Y. Oct. 24, 2025)...................................... 9

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016)................................................................................. 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................................. 8

*White v. Nano-X Imaging Ltd.*,
No. 20-cv-4355, 2022 WL 3973838 (E.D.N.Y. Aug. 10, 2022) ...................................... 7

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................................*passim*

28 U.S.C. § 1658(b) ............................................................................................................. 3

**Rules**

FED. R. CIV. P. 6 .................................................................................................................. 7

FED R. CIV. P. 23 ...........................................................................................................*passim*

Lead Plaintiff Movant Public Employees' Retirement System of Mississippi ("MSPERS" or "Movant") respectfully submits this Memorandum of Law in support of its Motion to: (i) consolidate the above-captioned securities class actions filed against Apollo Global Management, Inc. ("Apollo" or the "Company"), Marc Rowan ("Rowan"), and Leon Black ("Black"); (ii) appoint it Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Apollo securities between May 10, 2021, and February 21, 2026, both dates inclusive (the "Class Period"); (iii) approve proposed Lead Plaintiff's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Complaint in *Feldman v. Apollo Global Management, Inc. et al*, No. 1:26-cv-01692-ALC (S.D.N.Y.) ("*Feldman*") (ECF No. 1) and the Complaint in *Perez v. Apollo Global Management, Inc. et al*, No. 1:26-cv-03550 (S.D.N.Y.) ("*Perez*") (ECF No. 1) both allege that Defendants defrauded investors in violation of the Exchange Act. Apollo investors, including Movant, incurred significant losses following the disclosures of the alleged fraud, which caused Apollo's share price to fall sharply, damaging Movant and other Apollo investors.

The PSLRA, as amended, provides that a court must appoint as lead plaintiff of a securities class action the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant is the most adequate plaintiff in this matter because it timely moved for appointment as Lead Plaintiff, has the largest financial interest in this litigation, and otherwise satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(aa)-(cc). For the reasons discussed more fully below, Movant's Motion should be approved in its entirety.

Movant fully understands its duties and responsibilities to the Class and is willing and able to oversee the vigorous prosecution of this Action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of Public Employees' Retirement System of Mississippi's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of its Selection of Lead Counsel ("Miller Decl.") at Exhibit A (PSLRA Certification) and Exhibit B (Loss Chart), Movant has suffered substantial losses as a result of its purchases of Apollo securities during the Class Period. *See* Miller Decl. at Ex. A, Ex. B. To the best of its knowledge, Movant has sustained the largest losses of any investor(s) seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Declaration of Laken Ryals, submitted herewith on behalf of MSPERS, demonstrates Movant's intent to serve as Lead Plaintiff in this matter, including its cognizance of the duties of serving in that role. *See* Miller Decl. at Exhibit D (Ryals Declaration). Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure.

Accordingly, Movant respectfully submits this memorandum of law in support of its Motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) consolidating the above-captioned Actions; (2) appointing Movant as Lead Plaintiff in the Consolidated Action; and (3) approving its selection of the law firm of KSF as Lead Counsel for the Class.

## II.    PROCEDURAL BACKGROUND

The Complaint in *Feldman* was filed on March 2, 2026, in the Southern District of New York, seeking to recover damages caused by Defendants' alleged violations of federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act. That same day,

pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first notice that a class action had been initiated against Defendants was published over *Business Wire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than May 1, 2026. *See* Miller Decl. at Exhibit C (Statutory Notice).

Subsequently, another complaint was filed in *Perez* on April 29, 2026, in the Southern District of New York, pursuing remedies against Defendants under Section 10(b), SEC Rule 10b-5(a) and (c), Section 20(a), and Section 20A of the Exchange Act with an identical Class Period to *Feldman*. *See Feldman*, ECF No. 1 (S.D.N.Y. Mar. 2, 2026); *Perez*, ECF No. 1 (S.D.N.Y. Apr. 29, 2026). Movant is a Class Member that has timely filed this motion within the 60-day period following publication of this Notice. *See* Miller Decl. at Ex. A, Ex. C.

## III.    FACTUAL BACKGROUND

As alleged in the Complaints, Apollo purports to be a global alternative asset manager and retirement services provider. *Feldman*, ¶ 7; *Perez*, ¶ 7. Prior to the beginning of the Class Period, The New York Times published an article detailing Apollo co-founder and then-CEO Black's relationship with Jeffrey Epstein ("Epstein")—a sexual predator who was the subject of multiple criminal prosecutions and civil lawsuits for sex trafficking minors. *Feldman*, ¶¶ 16-19; *Perez*, ¶ 13. Defendants denied that Apollo ever did business with Epstein and hired Dechert LLP to conduct an investigation into Black's relationship with Epstein. *Feldman*, ¶¶ 21-23; *Perez*, ¶¶ 16-17. Subsequently, Defendants released the findings of the Dechert Report, which stated that "Apollo never retained Epstein" and that the "findings of the report are consistent with statements made by Mr. Black and Apollo regarding the prior relationship." *Feldman*, ¶ 23; *Perez*, ¶ 18.

On May 10, 2021, the first day of the Class Period, Apollo filed its Form 10-Q for the first quarter of its fiscal year 2021. *Feldman*, ¶ 24; *Perez*, ¶ 19. In the report, Defendants referenced the Dechert Report's findings regarding Apollo and Black's connection with Epstein. *Feldman*, ¶ 25;

3

*Perez*, ¶ 20. Throughout the Class Period, Defendants made materially false and misleading statements in interviews, press releases, and filings with the SEC regarding Apollo's and its executives' connection(s) to Epstein. *Feldman*, ¶¶ 25-36; *Perez*, ¶¶ 22-40. These statements were materially false and/or misleading because Defendants knew or recklessly disregarded and failed to disclose that: (i) Defendants frequently communicated with Epstein in the 2010s regarding Apollo's business; (ii) thus, Apollo's assertion that it never did business with Epstein was untrue; (iii) reputational harm to Apollo was more than a mere possibility; and (iv) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times. *Feldman*, ¶ 38; *Perez*, ¶ 41.

The truth began to emerge when, on February 1, 2026, The Financial Times published an article analyzing files released by the U.S. Department of Justice that indicated Epstein had received internal Apollo financial documents and communicated with Apollo's senior leaders. *Feldman*, ¶¶ 39-42; *Perez*, ¶¶ 42-45. On this news, Apollo's stock price fell $1.35 per share to close at $133.19 on February 2, 2026. *Feldman*, ¶ 43; *Perez*, ¶ 46. Apollo's stock price continued to drop and, on February 3, 2026, Apollo's stock price dropped $6.34 to close at $126.85. *Id.*

The truth continued to emerge when, on February 17, 2026, The Financial Times published an article reporting that the American Federation of Teachers and the American Association of University Professors told the SEC it believed Apollo's communications to investors gave "an inaccurate and incomplete picture of the firm and its partners' connections to Epstein." *Feldman*, ¶ 44; *Perez*, ¶ 47. On this news, Apollo's stock price dropped from $125.15, its closing price on February 17, 2206, to $118.34 on February 19, 2026—a drop of $6.81 over two trading days. *Feldman*, ¶ 45; *Perez*, ¶ 48.

Finally, before the market opened on February 21, 2026, CNN published an article stating that the unions have a "strong case" for an SEC investigation into Apollo, that Apollo's response was "very weak," and questioned why Defendant Rowan's communications with Epstein were not previously disclosed. *Feldman*, ¶ 46; *Perez*, ¶ 49. On this news, Apollo's stock price dropped by $5.99, or approximately 5%, to close at $113.73 on February 23, 2026. *Feldman*, ¶ 47; *Perez*, ¶ 50. As a consequence of Defendants' alleged fraud, Movant and the members of the putative Class suffered economic harm.

## IV.    ARGUMENT

### A.    The Court Should Consolidate the Related Actions

Pursuant to the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Federal Rule of Civil Procedure 42(a), "[t]he Court enjoys 'broad discretion to determine whether consolidation is appropriate.'" *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

Securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification "expedit[es] pretrial proceedings, avoid[s] duplication of discovery, and minimiz[es] costs." *See Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 293-94 (E.D.N.Y. 1998)). The *Feldman* and *Perez* Complaints allege substantially similar facts and claims on behalf of substantially similar Classes against the same Defendants. In light of these legal principles and the numerous commonalities shared by the Actions, consolidation is appropriate under Rule 42(a).

**B.    MSPERS is the Presumptive "Most Adequate Plaintiff" and the Court Should Appoint It Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), (3)(B). It provides that, within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service informing class members of their right to move the Court, within the sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption that the "most adequate plaintiff" is the person or group that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1.    *MSPERS Filed a Timely and Procedurally Complete Motion for Lead Plaintiff*

Under the PSLRA, the first plaintiff to file an action must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service, and members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Here, notice was published on *Business Wire* on March 2, 2026, and specified that applications for appointment as Lead Plaintiff were to be made no later than May 1, 2026. *See* Miller Decl. at Ex. C. Publication by a national firm like *Business Wire* is an adequate means for meeting the PSLRA's

6

statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See White v. Nano-X Imaging Ltd.*, No. 20-cv-4355, 2022 WL 3973838, at *5 (E.D.N.Y. Aug. 10, 2022) ("Courts in this circuit frequently find that publication of the required notice in *Business Wire* serves as sufficient notice for the purposes of the PSLRA.") (citing cases).

In light of the fact that the original notice was published on March 2, 2026, the appropriate deadline for an application to be Lead Plaintiff is May 1, 2026. *See* Miller Decl. at Ex. C; FED. R. CIV. P. 6. Movant has therefore timely filed its Motion. Moreover, with that Motion, Movant has signed and submitted the required Certification in which it certifies its trading history in Apollo securities during the Class Period and confirms Movant's willingness and ability to serve as Lead Plaintiff, thereby satisfying the certification requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). *See* Miller Decl. at Ex. A. Additionally, MSPERS has executed a Declaration detailing, *inter alia*, MSPERS' understanding of its obligations under the PSLRA and its experience serving as lead plaintiff in securities class actions. *See* Miller Decl. at Ex. D. Accordingly, Movant has filed a timely and procedurally complete Motion for Lead Plaintiff in response to a notice that satisfies the statutory requirements.

### 2.   *MSPERS Has the Largest Known Financial Interest in the Relief Sought*

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

During the Class Period, as evidenced by the accompanying signed Certification, Movant purchased shares of Apollo securities in reliance upon Defendants' materially false or misleading statements and omissions and was injured thereby. *See* Miller Decl. at Ex. A. In addition, MSPERS incurred a substantial loss on its transactions in Apollo securities. *See* Miller Decl. at Ex. B. To

7

the best of its knowledge, Movant thus has the largest financial interest in the relief sought. Therefore, Movant satisfies all the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

       3.      *MSPERS "Otherwise Satisfies" the Prima Facie Requirements of Rule 23*

In addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At this stage of the proceedings, however, "a prima facie showing that the requirements of Rule 23 are met is sufficient." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) (citing *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008)).

**C.     MSPERS' Claims Are Typical of the Claims of All the Class Members**

The typicality requirement of Rule 23(a)(3) is satisfied where a representative plaintiff's claims are "based on the same legal theory . . . and arise from the same events and course of conduct . . . as the prospective class's claims." *Hoare v. Oddity Tech Ltd.*, No. 24-cv-06571, 2024 WL 4987089, at *3 (S.D.N.Y. Dec. 5, 2024) (citations omitted).

In this Action, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant and all the other Class Members: (1) purchased Apollo securities during the Class Period; (2) purchased Apollo securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) purchased Apollo's securities at artificially inflated prices and then suffered harm when the truth was revealed and the inflation was removed from the securities' price(s). Movant's claims are typical of those of other Class Members since its claims and the claims of other Class Members resulted from the same alleged illegal practices.

**D.      MSPERS Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." "A presumptive lead plaintiff is adequate if they (1) [have] no conflict of interest with the other members of the class, (2) [have] sufficient interest in the outcome of the case, and (3) [have] selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Khan v. Lockheed Martin Corp.*, No. 25-cv-06197, 2025 WL 2992513, at *3 (S.D.N.Y. Oct. 24, 2025) (citation omitted).

Here, Movant is an adequate representative of the Class. Movant is an institutional investor administering retirement benefits on behalf of more than 365,000 members with substantial experience serving as a lead plaintiff in securities class actions. *See* Miller Decl. at Ex. D, ¶¶2-3. As evidenced by the injuries suffered by Movant, which purchased Apollo securities during the Class Period at prices that were artificially inflated by Defendants' materially false or misleading statements and omissions, its interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Movant's interests of those of the other members of the Class. Furthermore, Movant has retained Counsel that is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. *See* Section IV.E, *infra*. Thus, Movant *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this Motion.

**E.      The Court Should Approve MSPERS' Choice of Lead Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), lead plaintiffs shall, subject to court approval, select and retain counsel to represent the class. The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected KSF to be Lead Counsel for the Class. As reflected in its firm resumé, KSF is more than qualified to work as lead counsel to prosecute the claims of the class. *See* Miller Decl. at Exhibit E (KSF Firm Resumé). Dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *Id.*

KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions. *See* Miller Decl. at Ex. E, citing *Pearlstein v. Blackberry Limited, et al.*, No. 13-cv-7060 (S.D.N.Y.) (settled on the eve of trial for $165 million); *Dicker v. TuSimple Holdings, Inc. et al.*, No. 3:22-cv-01300 (S.D. Cal.) (serving as co-lead counsel, obtained $189 million settlement); *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, No. 17-cv-1580 (S.D.N.Y.) (settled for $44 million after the court substantially denied defendants' motion for summary judgment).

As these cases demonstrate, KSF possesses the requisite experience and knowledge litigating complex securities cases. Thus, the Court may be assured that, in granting this Motion, the Class will continue to receive legal representation of the highest caliber.

## V.    CONCLUSION

For all of the foregoing reasons, MSPERS respectfully requests that this Court: (1) consolidate the above-captioned Actions; (2) appoint MSPERS to serve as Lead Plaintiff in this consolidated Action; (2) approve its selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

10

DATED: May 1, 2026

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller (KM-6996)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
E-Mail: kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE AND COMPLIANCE

On May 1, 2026, the foregoing document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to L.R. 7.1(c), the undersigned counsel certifies that this memorandum of law contains 3,157 words, which complies with the word-count limitation.

*/s/ Kim E. Miller*
Kim E. Miller

11