The Rosen Law Firm
INVESTOR COUNSEL

Phillip Kim
philkim@rosenlegal.com

September 18, 2026

**By ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Feldman v. Apollo Global Management, Inc., et al.,* No. 1:26-cv-01692-ALC-OTW

Your Honor:

My firm represents Lead Plaintiff movant Khine Li, as Trustee of the John and Khine Li Family Trust ("Li"). We write respectfully to bring the Court's attention to certain developments bearing on the appointment of Lead Plaintiff and Lead Counsel in these actions.

Li timely moved for appointment as Lead Plaintiff on May 1, 2026. (ECF No. 10.) After reviewing the competing motions filed by the Public Employees' Retirement System of Mississippi ("MSPERS") (ECF No. 12) and the Institutional Investors group ("Institutional Investors") (ECF No. 17), Li concluded in good faith that she did not have the largest financial interest and voluntarily withdrew her motion on May 4, 2026. (ECF No. 22.) Li's withdrawal expressly preserved her "membership in the proposed class," her "right to share in any recovery," and her "ability to serve as a representative party should the need arise." *Id.* Despite raising significant concerns about MSPERS, the Institutional Investors withdrew their motion on September 11, 2026. (ECF No. 44.)[1]

Li writes to respectfully advise the Court that the existing record raises serious questions about MSPERS's adequacy under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 23 of the Federal Rules of Civil Procedure. As a result, Li has filed a notice of withdrawal of her withdrawal of her lead plaintiff motion and stands ready and willing to serve as Lead Plaintiff should the Court determine that MSPERS is inadequate.

---

[1] The Institutional Investors' unexpected withdrawal on September 11, 2026 raises the question of whether they agreed to withdraw their motion in exchange for a role in the case or other consideration—notwithstanding the legitimate concerns the Institutional Investors raised about MSPERS.

The PSLRA mandates that the Court "shall appoint" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). This language imposes an affirmative obligation on the Court to independently determine that any proposed lead plaintiff satisfies the requirements of Rule 23 — including typicality and adequacy — before appointing that movant to represent the interests of absent class members. The Court acts as a fiduciary for those absent members. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004). This duty is not discharged merely by observing that no party currently opposes the remaining movant's appointment. The Institutional Investors' withdrawal does not erase the factual record they placed before the Court, as their opposition (ECF No. 25), reply (ECF No. 28), and the supporting declarations and exhibits remain on the docket and are properly before the Court.

The existing record raises three independent grounds for concern about MSPERS' adequacy and typicality—each of which the Court should consider in discharging its independent obligation under the PSLRA.

<u>First</u>, MSPERS maintains significant structural conflicts due to its partnership in funds maintained by Apollo, which it has, inexplicably, refused to confirm, even after being challenged. *See* Dkt. No. 24 at 2 (referring to funds that MSPERS "purportedly invested in"), 8 (referring to MSPERS' "alleged indirect investment"). As documented in the Institutional Investors' opposition and reply, MSPERS is a limited partner in Apollo Fund VIII and Apollo Fund IX through GCM Grosvenor Diversified Partners and Pathway Capital Management. (ECF No. 25 at 7–12; ECF No. 28 at 4–6.) MSPERS also holds more than $6.5 million in Apollo-affiliated debt securities. *See* Dkt. No. 25 at 8. As the Institutional Investors argued, these partnership and creditor relationships with the Apollo enterprise align MSPERS's financial interests with the defendants rather than with the Class, creating a unique defense. *See* Dkt. No. 25, at 9-10.

Notably, MSPERS itself successfully argued in *In re Boeing Co. Aircraft Securities Litigation*, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) at *4-*7, that a competing group movant's (which was represented by Kahn Swick & Foti, LLC, who represents MSPERS in this action) resistance to providing information about its finances precluded a finding of adequacy. Moreover, as the Institutional Investors noted, in *In re Cendant Corp. Litigation*, 264 F.3d 201, 223 n.2 (3d Cir. 2001), the Third Circuit affirmed severance of certain claims related to certain securities in similar circumstances. *See* Dkt. No. 25, at 9. The same structural logic applies here.

MSPERS' refusal to disclose more details regarding its exposure to Apollo securities and funds is troubling given the potential consequences for other class members who are not so conflicted. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 59 (2d Cir. 2000) ("class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation").

<u>Second</u>, the Institutional Investors raised the issue of deficiencies in MSPERS's PSLRA certification, arguing that MSPERS's certification omits transactions in Apollo securities other than common stock, and that MSPERS's certification also omits at least four ongoing cases in which MSPERS serves as lead plaintiff, in contravention of the PSLRA's disclosure requirements. *See* Dkt. No. 25 at 4-5. This strikes at the heart of MSPERS' adequacy. *See Plaut v. Goldman*



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827

*Sachs Group, Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (finding certification deficiencies relevant to adequacy analysis); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (same). Li's certification is undisputably complete.

Third, as the Institutional Investors pointed out, MSPERS was serving as lead plaintiff in at least ten ongoing securities class actions at the time it moved for appointment here — double the PSLRA's presumptive cap of five actions within any three-year period. *See* Dkt. No. 25 at 10, 15 U.S.C. § 78u-4(a)(3)(B)(vi). On reply, MSPERS argued that it "fully complies [with the 5-in-3 rule], having been appointed lead plaintiff in four securities class actions within the last three years. Appointment in this Action would be MSPERS' fifth." Dkt. No. 31, at 8. However, MSPERS has since been appointed lead plaintiff in one further action, and filed a lead plaintiff motion in another.[2]

In *Cambridge Retirement System v. Mednax, Inc.*, 2018 WL 8804814 at *11, *16 (S.D. Fla. Dec. 6, 2018), the court declined to exercise discretion in MSPERS's favor due to the number of lead plaintiff appointments it had in the prior three years. The Court may wish to consider whether MSPERS' serial filing pattern warrants the same result here. Even assuming arguendo that MSPERS complied with the five-in-three rule at the time it filed the lead plaintiff motion in this case, its filings in additional cases demonstrate a desire for appointment in a greater number of cases.

Should the Court determine that MSPERS does not satisfy the requirements of Rule 23, the PSLRA's sequential framework directs the Court to proceed to the movant with the next-largest financial stake. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008); *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002). Li is the only other class member who timely filed a lead plaintiff motion in this action and presently seeks to have a motion considered. Accordingly, Li submits that her appointment would serve the best interests of the class.

Li satisfies the PSLRA's requirements for appointment as Lead Plaintiff. Li timely filed her motion within the statutory deadline. She submitted a complete and accurate PSLRA certification disclosing all of her transactions in Apollo securities and confirming that she has not served as a lead plaintiff in any securities class action during the preceding three years. Her claims are typical of the class — she purchased Apollo securities on the open market during the Class Period and was injured by the same alleged misstatements and omissions that harmed all class members. *See* Dkt. No. 11 at 6. She is adequate to represent the class — Li is a retired nurse from Calabasas, California with ten years of investing experience and serves as Trustee for the John and Khine Li

---

[2] MSPERS (as part of a group) filed yet another lead plaintiff motion in *Bhuva v. Super Micro Comput., Inc.,* No. 3:26-cv-02606, Dkt. No. 50 on May 26, 2026. On July 13, 2026, MSPERS was appointed lead plaintiff in that action. *Id.,* Dkt. No. 95. As a result of the appointment in the *Super Micro* action, appointment in this action would thus be MSPERS' sixth appointment in three years. Further, on September 8, 2026, MSPERS filed a lead plaintiff motion in *Bruce v. Intuit Inc. et al.*, 5:26-cv-08518 (Dkt. No. 10), further demonstrating that MSPERS is a serial filer.



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827

Family Trust, which was established on October 13, 2025. *See* Dkt. No. 11, at 7. Unlike MSPERS, Li indisputably has no partnership, fiduciary, fee-based, or contractual relationship with Apollo. *See id*. She has selected experienced counsel in The Rosen Law Firm, P.A., who already have demonstrated commitment to the Class by filing the *Feldman* action. *See* Dkt. No. 1, 11.

Unlike MSPERS, Li is not subject to any unique defenses that could harm the class. She presents *zero* conflict risk, an undisputably complete PSLRA certification, and no serial-filer concerns. Her appointment would thus benefit the class.

For the foregoing reasons, the Court should appoint Li as Lead Plaintiff and approve her selection of The Rosen Law Firm, P.A. as Lead Counsel.

We thank the Court for its consideration of this letter and remain available to provide any additional information the Court may require.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ *Phillip Kim*
Phillip Kim

cc: All counsel (via ECF)