KAHN SWICK & FOTI, LLC

230 Park Avenue, 3rd Floor West
New York, NY 10169

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
**NEW YORK**
DELAWARE
LOS ANGELES
CHICAGO
LUXEMBOURG*

September 25, 2026

Kim E. Miller
Partner – Admitted in NY & CA
Direct: 212.696.3732
kim.miller@ksfcounsel.com

*via ECF*

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** ***Feldman v. Apollo Global Management, Inc., et al.*, No. 26-cv-01692-ALC-OTW**

Dear Judge Wang:

We respectfully write on behalf of presumptive lead plaintiff Public Employees' Retirement System of Mississippi ("MSPERS") to briefly respond to former lead plaintiff movant Li's "Notice of Withdrawal of Withdrawal of Lead Plaintiff Motion" (ECF No. 45) and the related letter of her counsel, The Rosen Law Firm, P.A. (the "Rosen Firm") (ECF No. 46).[1]

With claimed losses of just $14,577.07 (ECF No. 11-3), Li withdrew her May 1, 2026, motion for appointment on May 4, 2026 (ECF No. 22), weeks before the May 21, 2026, deadline for oppositions. Li filed no opposition to MSPERS's motion and made no attempt to rebut MSPERS's presumptive status, whose loss total ***$2,786,427.36*** (ECF No. 14-2).[2] Now—nearly four months after MSPERS and the Institutional Investors filed replies (ECF Nos. 28-31), and in the wake of the Institutional Investors' withdrawal of their own motion for appointment (ECF No. 44)—Li has written to "advise the Court that the existing record raises serious questions about MSPERS's adequacy…." (ECF No. 46). Li's "concerns" re-hash arguments advanced by the Institutional Investors, to which MSPERS previously responded, and which the Institutional Investors have now withdrawn.

[1] Li is also represented by "Additional Counsel" Schall, Brown & Schwartz LLP (ECF No. 45).

[2] Li's relatively modest financial interest, coupled with her decision to withdraw her motion and seek to revive it only after the Institutional Investors withdrew theirs, further underscores the concerns underlying the PSLRA's preference for plaintiffs with substantial financial interests in the litigation. *See, e.g.*, *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (Crotty, J.) (rejecting individual investor's motion for appointment where "the dollar amount and her 'financial interest' are minimal to the point of being de minimis. Her proposed relief would result in a very tiny tail wagging a very large dog."); *Guo v. Tyson Foods, Inc.*, No. 21-cv-00552, 2022 WL 5041798, at *5 (E.D.N.Y. Sept. 30, 2022) (rejecting the appointment of two lead plaintiff movants represented by the Rosen Firm whose combined loss totaled just $323.20, as the PSLRA was enacted to "avoid[] situations where "a named class representative has a minimal financial stake in the case and acts primarily as a tool of the lawyers who may well have recruited him"") (citation omitted).

Indeed, the Institutional Investors are no longer pursuing their motion. If appointed Lead Plaintiff, MSPERS anticipates naming United Teamster Pension Fund-A, a member of the now-withdrawn Institutional Investors, as an additional plaintiff on the anticipated amended complaint. If appointed as Lead Counsel, KSF has agreed to delegate appropriate work assignments to Robbins Geller in accordance with New York State Rule of Professional Conduct 1.5(g) and Local Civil Rule 23.1. KSF, directed by MSPERS, would ensure that it and Robbins Geller work efficiently and effectively without duplication of efforts. *See, e.g.*, *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, No. 17-cv-01580, ECF No. 217 (S.D.N.Y. Oct. 16, 2019) (Scheindlin, J.) (rejecting defendants' contention that a fee sharing agreement reached before the court's ruling on competing motions for appointment was improper), *report & recommendation adopted*, ECF No. 237 (S.D.N.Y. March 23, 2020) (Schofield, J.); *see also Chao Lu v. Jumei Int'l Holding Ltd.*, No. 14-cv-9826, 2015 WL 4104570, at *2 (S.D.N.Y. June 22, 2015) (Pauley, J.) (finding cases in this Circuit "do not support the proposition that a fee-sharing arrangement among presumptive lead plaintiffs' counsel renders a lead plaintiff inadequate").

The sole authority Li cites in furtherance of her attempt to revive her abandoned motion—*Reitan v. China Mobile Games & Entertainment Group, Ltd.*, 68 F.Supp.3d 390, 397 (S.D.N.Y. 2014) (ECF No. 45)—is readily distinguishable. In *Reitan*, after the second largest movant (Miran) withdrew, the presumptive lead plaintiff also withdrew, leaving the movant with a substantially smaller loss as the sole remaining movant. *Id.* Miran filed a notice of withdrawal of withdrawal, stating its original withdrawal "was predicated on the belief that [the presumptive lead plaintiff]…intended to litigate the consolidated action." *Reitan*, No. 14-cv-04471, ECF No. 45 (S.D.N.Y. Sept. 17, 2014). The competing motions were never briefed, and the court allowed Miran to revive its motion and appointed it lead plaintiff because it was "an institutional investor and alleged greater financial losses…." *Reitan*, 68 F.Supp.3d at 397, 399. That is materially different from the circumstances here. Li voluntarily withdrew her motion after "reviewi[ing] the competing motions" and acknowledging that she "does not appear to have the largest financial interest" (ECF No. 22), while presumptive lead plaintiff MSPERS continued to pursue its appointment. *Reitan*, therefore, provides no basis for allowing Li a second bite of the apple. Rather, the *Reitan* court's holding supports the appointment of MSPERS, a sophisticated institutional investor that indisputably possesses the greatest financial interest of any movant.

Li has not merely sought to revive her original motion but now seeks to advance arguments raised by the Institutional Investors that she herself never made.[3] Li should not be permitted to use her withdrawal and subsequent notice to obtain a second opportunity to litigate arguments she chose not to raise when the lead plaintiff motions were briefed. Numerous courts within this Circuit have rejected similar attempts to revive abandoned motions and arguments. *See, e.g.*, *Bray v. Frontier Commc'ns Corp.*, No. 17-cv-1617, 2018 WL 525485, at *9 (D. Conn. Jan. 18, 2018) (motion of movant who "neglected to file [an] opposition motion[]" deemed abandoned because

[3] In compliance with the 5-in-3 rule, MSPERS' appointment here would be its fifth in three years, not its sixth, as Li incorrectly claims. *See* ECF No. 46 at 3, n.2 (citing MSPERS' recent appointment in *Bhuva v. Super Micro Computer, Inc.*, but ignoring that *In re Seagate Tech. Holdings plc Sec. Litig.*—filed July 10, 2023—now falls outside the present three-year period). In any event, courts within this District have "repeatedly excepted institutional investors from [the 5-in-3 rule] in order to reflect the statute's purposes…." *Rasella v. Musk*, 342 F.R.D. 74, 82 (S.D.N.Y. 2022) (Gorenstein, M.J.).

it did "not allow[] the Court, much less the other parties, an opportunity to understand the continuing basis for its motion, in comparison to the other motions") (quoting *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 103 (D. Conn. 2006)); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) (where lead plaintiff movants did not file opposition briefs, "the Court deems their applications abandoned or withdrawn"); *Omdahl v. Farfetch Ltd.*, No. 19-cv-8657, 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) (movant "failed to file an opposition to [presumptive lead plaintiff's] motion" and "[a]s a result, the Court deems her motion abandoned"). The Court should similarly reject this attempt to revive an abandoned motion and circumvent the lead plaintiff appointment process.

Li's notice of withdrawal of withdrawal does not alter the fact that MSPERS remains the presumptive lead plaintiff and that Li made no timely attempt to rebut the presumptive adequacy of MSPERS when given the opportunity to do so. To the extent the Court considers the arguments Li now raises concerning MSPERS's adequacy, MSPERS relies on its prior briefing addressing those issues.

MSPERS respectfully requests that its motion to appoint MSPERS as Lead Plaintiff and approve MSPERS' selection of KSF as Lead Counsel be granted in full.

Respectfully submitted,

*/s/ Kim E. Miller*
Kim E. Miller